UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| ABSTRAX, INC. | § | |
| | § | |
| vs. | § | CASE NO. 2:07-CV-333 |
| | § | |
| SUN MICROSYSTEMS, INC. | § | |

**MEMORANDUM OPINION AND ORDER**

Before the Court is Sun Microsystems, Inc.'s renewed motion to change venue (Dkt. No. 89). The court heard oral argument on the motion on July 8, 2009. The court having considered the venue motions, the evidence, and the arguments of counsel finds the motion to transfer venue to the United States District Court for the Northern District of California (Dkt. No. 89) should be granted pursuant to *In re Volkswagen of America, Inc.*, 545 F.3d 304 (5th Cir. 2008) (en banc); *In re TS Tech USA Corp.*, 551 F.3d 1315 (Fed. Cir. 2008); *In re Volkswagen of America, Inc.*, 566 F.3d 1349 (Fed. Cir. 2009); and *In re Genetech, Inc.*, 566 F.3d 1338 (Fed. Cir. 2009). The balance of the private and public factors demonstrate that the transferee venue is "clearly more convenient" than the venue chosen by the plaintiff. *Id*.

On June 1, 2007, Abstrax filed its complaint against Dell, Inc. ("Dell") and Gateway, Inc. ("Gateway"), accusing them of infringing U.S. Patent No. 6,240,328 ("the '328 patent") ("the Dell case").[1] On August 6, 2007, Abstrax filed its complaint against Sun Microsystems, Inc. ("Sun"), accusing it of also infringing the '328 patent ("the Sun case"). Sun filed its initial motion to change venue (Dkt. No. 25) on November 26, 2007.[2] On February 14, 2008, after the briefing was completed on Sun's motion, the Court of Appeals granted the suggestion for rehearing en banc in *In re Volkswagen of America*, 506 F.3d 376 (5th Cir. 2007). In light of the

---

[1] Gateway is no longer a party to the case.
[2] Neither Dell nor Gateway filed a motion to transfer venue in the Dell case.

1

procedural posture of the en banc decision, the court denied Sun's motion without prejudice to re-urging under the standards set forth in the en banc decision.  *See* Dkt. No. 75.  The Fifth Circuit issued its opinion on October 10, 2008, and Sun filed its renewed motion to change venue on October 17, 2008.  After Sun filed its initial motion to change venue, but prior to its renewed motion, the court joined the Sun and Dell cases for the purposes of discovery and claim construction.  *See* Dkt. No. 38.  The court conducted a claim construction hearing on August 14, 2008, and issued its opinion construing the disputed terms on October 31, 2008.

The Fifth and Federal Circuits have recently enunciated the standard to be used in deciding Motions to Transfer Venue.  *See In re Volkswagen of America, Inc.*, 545 F.3d 304; *In re TS Tech USA Corp.*, 551 F.3d 1315 (applying the Fifth Circuit's en banc *Volkswagen* decision to rulings on transfer motions from this circuit); *In re Genetech, Inc.*, 566 F.3d 1338; and *In re Volkswagen of America, Inc.*, 566 F.3d 1349.  Under this law, this case is appropriate for transfer.

Sun's headquarters and the majority of its employees are located within the Northern District of California.  Eleven of the fourteen Sun current and former employees deposed by Abstrax are located in the transferee forum; of the remaining three, one is located in Oregon, and two are located in Colorado.  Moreover, the design, development, management, and direction of Sun's software tools related to manufacturing operations is accomplished by Sun personnel in California.  Finally, the Sun software tool at issue in this litigation was previously used in Sun's sole manufacturing facility in the United States, located in Hillsboro, Oregon, which is significantly closer to the Northern District of California than to the Eastern District of Texas.  Furthermore, Abstrax's headquarters and its owners are located in Tempe, Arizona.

Much like in *Genentech*, there are a substantial number of material witnesses who reside in the transferee venue and none who reside in the Eastern District of Texas. *See id.* at 134 (indicating that, "[b]ecause a substantial number of material witnesses reside within the transferee venue and the state of California, and no witnesses reside within the Eastern District of Texas, the district court clearly erred in not determining this factor to weigh substantially in favor of transfer.").

Moreover, this case is distinguishable from *In re Volkswagen of America*, 566 F.3d at 1340-41. In that case, the plaintiff MHL, Tek, LLC ("MHL") initiated two suits in the Eastern District of Texas, asserting patent infringement against thirty foreign and United States automobile companies. *Id.* at *1. One of the parties also initiated a declaratory judgment action in the Eastern District of Michigan against MHL. The Eastern District of Michigan subsequently transferred the declaratory judgment action to the Eastern District of Texas to avoid a waste of judicial resources and the risk of inconsistent rulings on the same patents. The court here denied the defendants' motions to transfer venue to the Eastern District of Michigan, indicating, "that the interests of judicial economy further counsel this Court against transferring this case." *MHL Tek, LLC v. Nissan Motor Co.*, 2009 WL 440627, *7 (E.D. Tex. February 23, 2009); *see also In re Volkswagen of America, Inc.*, 566 F.3d at 1351 (stating, "[i]n this case, the existence of multiple lawsuits involving the same issues is a paramount consideration when determining whether a transfer is in the interest of justice."). In the present case, as indicated above, the existence of multiple lawsuits involving the same issues is negated by the posture of the motion to change venue; the completion of the claim construction process; and the lack of consolidation.[3] In addition, the *Abstrax* matters do not involve the number of parties and

---

[3] Sun filed its motion to change venue almost a year prior to its renewed motion—the court denied Sun's motion without addressing it on its merits and for reasons outside of Sun's control. Furthermore, the claim construction

3

witnesses considered in the *MHL* cases. Although none of these facts is dispositive, under the circumstances of this case, the presence of the two cases is insufficient to overcome the other factors supporting a transfer.

Accordingly, the court concludes that the balance of factors weighs in favor of transferring this case. *In re Volkswagen of America*, 566 F.3d at 1351 (stating, "[i]n this case, the existence of multiple lawsuits involving the same issues is a paramount consideration when determining whether a transfer is in the interest of justice."). In light of the transfer of venue, the Court suspends any and all pending deadlines as indicated in the Docket Control Order. Likewise, the Court suspends any deadline under the Local Rules for responding to pending motions. The clerk is to transfer the above-titled case to the Northern District of California.

SIGNED this 28th day of August, 2009.

_____
CHARLES EVERINGHAM IV
UNITED STATES MAGISTRATE JUDGE

---

opinion has already been issued, and fact discovery is nearly complete. Moreover, Sun has agreed to be bound by this court's claim construction opinion upon transfer to California. The judicial economy flowing from maintaining both cases in the Eastern District has already been achieved.