UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

ABSTRAX, INC.,

        Plaintiff,

        v.

SUN MICROSYSTEMS, INC.,

        Defendant.
_____/

No. C 09-5243 PJH

**ORDER RE DISCOVERY MOTIONS**

        Before the court is plaintiff Abstrax, Inc.'s motion to compel discovery, and defendant Sun Microsystems, Inc.'s motion for a protective order. Having read the parties' papers and carefully considered their arguments and the relevant legal authority, and good cause appearing, the court hereby GRANTS Abstrax's motion and DENIES Sun's motion, as follows.

        The Federal Rules of Civil Procedure provide a liberal framework for obtaining discovery. Hickman v. Taylor, 329 U.S. 495, 505 (1947). A party may obtain discovery of any nonprivileged matter that is relevant to any party's claims or defenses, or "for good cause," discovery of any matter relevant to the subject matter involved in the action. Fed. R. Civ. P. 26(b)(1). Relevancy in the discovery context has been construed broadly to encompass any matter that bears on, or that reasonably could lead to other matters that bear on, any issue that is in the case. See Oppenheimer Fund, Inc. v. Sanders, 437 U.S. 340, 352 (1978). District courts have broad discretion in resolving whether the information sought is relevant for discovery purposes. Surfvivor Media, Inc. v. Survivor Prods., 406 F.3d 625, 635 (9th Cir. 2005).

        Relevant non-privileged discovery may be limited if the discovery sought is

unreasonably cumulative or duplicative, or is obtainable from some other source that is more convenient; or the burden or expense of the proposed discovery outweighs its likely benefit, taking into account the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the litigation, and the importance of the proposed discovery in resolving the issues.  See Fed. R. Civ. P. 26(b)(2).

Here, Abstrax seeks discovery into Sun's CDT software tool.  The court finds that Abstrax has made a sufficient showing that the information sought is relevant.  Moreover, the discovery requests were propounded in September 2008, while the case was still pending in the Eastern District of Texas, and before the discovery cut-off date had passed; and when Sun declined to provide the requested discovery and moved for a protective order, Abstrax promptly moved to compel.[1]

Nevertheless, the court does share Sun's concerns regarding the breadth and scope of the discovery requests.  Thus, while the court denies Sun's motion for a protective order to preclude discovery into the CDT software tool, that denial is without prejudice to Sun's filing of another motion for protective order to limit the scope of the CDT discovery.  Any such motion will be referred to a magistrate judge for resolution.

After all disputes regarding the CDT discovery have been settled, the parties shall contact the court to request that a further case management conference be scheduled to set a new briefing and hearing schedule for the dispositive motions.

**IT IS SO ORDERED.**

Dated:  August 3, 2010

_____
PHYLLIS J. HAMILTON
United States District Judge

---

[1]  Thus, it does not appear that the parties contributed to the delay in adjudicating this dispute.