**NOT FOR CITATION**

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

EUREKA DIVISION

ABSTRAX, INC.,

        Plaintiff,

  v.

SUN MICROSYSTEMS, INC.,

        Defendant.

_____/

No. CV 09-5243 PJH (NJV)

**ORDER GRANTING IN PART AND
DENYING IN PART MOTIONS TO SEAL**

(Docket Nos. 220, 228)

      The following motions are pending:  Defendant Sun Microsystems, Inc.'s motion for a protective order; Plaintiff Abstrax, Inc.'s motion for case-dispositive sanctions and, alternatively, for further discovery and evidentiary sanctions; and Abstrax's motions to seal portions of its sanctions motion, supporting declaration, and portions of its opposition to Defendant's motion for a protective order.  Doc. Nos. 216, 218, 220, 228.  The district court has referred the parties' discovery motions and all future discovery matters to this Court for determination.  Doc. No. 215.  Having carefully considered the papers submitted, the Court **GRANTS in part and DENIES in part** Abstrax's motions to seal.

**DISCUSSION**

**A.**     **Legal Standard**

      A motion to seal documents that are not part of the judicial record, such as "private materials unearthed during discovery," is governed by Federal Rule of Civil Procedure 26(c), which "provid[es] that a trial court may grant a protective order 'to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense.'"  *Pintos v. Pacific Creditors*

**United States District Court**
For the Northern District of California

*Ass'n*, 605 F.3d 665, 678 (9th Cir. 2010) (quoting *Kamakana v. City and County of Honolulu*, 447 F.3d 1172, 1180 (9th Cir. 2006)).  As the Ninth Circuit explained, "[t]he relevant standard for purposes of Rule 26(c) is whether ''good cause' exists to protect th[e] information from being disclosed to the public by balancing the needs for discovery against the need for confidentiality.'"  *Id*. (quoting *Phillips ex rel. Estates of Byrd v. Gen. Motors Corp.*, 307 F.3d 1206, 1213 (9th Cir. 2002)).  The good cause standard also applies to sealed documents attached to nondispositive motions.  *Id*. at 678-79 (explaining that documents attached to a summary judgment motion are not governed by the good cause standard because summary judgment motions are dispositive).

A motion to seal documents that are part of the judicial record, on the other hand, is governed by the higher "compelling reasons" standard.  *Pintos*, 605 F.3d at 678.  The "party seeking to seal judicial records must show that 'compelling reasons supported by specific factual findings ... outweigh the general history of access and the public policies favoring disclosure.'"  *Id*. (quoting *Kamakana*, 447 F.3d at 1178-79).  The trial court must weigh relevant factors including the "public interest in understanding the judicial process and whether disclosure of the material could result in improper use of the material for scandalous or libelous purposes or infringement upon trade secrets."  *Id*. at 679 n.6 (quoting *Hagestad v. Tragesser*, 49 F.3d 1430, 1434 (9th Cir. 1995)).

While the decision to grant or deny a motion to seal is within the trial court's discretion, the trial court must articulate its reasoning in deciding a motion to seal.  *Id.* at 679.  Here, the good cause standard applies to Abstrax's request to seal portions of its opposition to Sun's motion for a protective order, which is a nondispositive motion.  The compelling reasons standard applies to Abstrax's request to seal portions of its motion for case-dispositive sanctions and supporting declaration because Abstrax's motion is a dispositive one.

**B.      Analysis**

Pursuant to the parties' stipulated protective order, Abstrax has filed motions to seal portions of its motion for case dispositive sanctions, Declaration of Jeff Eichmann supporting its motion, and its opposition to Sun's motion for a protective order.  Doc. Nos. 220, 228.  Abstrax seeks to seal Sun's confidential information regarding revenue, products, internal manufacturing procedures, source code development, and deposition testimony regarding the same.  Pursuant to the Local

United States District Court
For the Northern District of California

1 Rules, Sun has submitted declarations in support of Abstrax's motions to seal, but states that certain

2 portions of Abstrax's filings that have been redacted do not need to be sealed because they do not

3 actually contain Sun's confidential information.  Declaration of J. Michael Woods, ¶¶ 3-5 (Doc. No.

4 223).

5     1.    <u>Sealing Not Warranted</u>

6         The Court finds that the redacted portions of Abstrax's filings that do not contain Sun's

7 confidential information do not warrant sealing and are specifically identified below in Section C.

8 The Court recognizes that Abstrax, in an abundance of caution, requested sealing portions of its

9 filings where the underlying information or testimony was previously designated by Sun as

10 confidential.  The Court summarizes those portions of Abstrax's filings that do not warrant sealing.

11 First, portions of Abstrax's motion and opposition that generally describe Sun's products,

12 procedures, or document collection efforts do not warrant sealing.  *See, e.g.,* Pl.'s Mot. at 6:13-14,

13 7:6-8, 7:11-12, 9:7-9, 9:12-13, 13:27-14:2, 14:4-5, 14:11-14, 16:1-6, 17:2-8, 22:17-18 (Doc. No.

14 218); Pl.'s Opp. at 8:21-9:4 (Doc. No. 226).

15         Second, the email addresses for distribution lists and names of individuals for which Abstrax

16 seeks additional discovery do not warrant sealing.  They were not sealed in Abstrax's proposed

17 alternative order granting additional discovery and Sun did not object to the filing in the public

18 record of Abstrax's proposed alternative order.  *See* Eichmann Decl. ¶ 113 (Doc. No. 219); Pl.'s

19 Mot., Ex. B, Proposed Order re: additional discovery (Doc. No. 218-2).

20         Third, Abstrax seeks to seal the entirety of exhibits 4a through 4u, which consist of meet and

21 confer correspondence between counsel, based on confidential Sun information.  Sun, however, only

22 identifies nine (9) of these exhibits as containing its confidential information:  exhibits 4h, 4l, 4m,

23 4n, 4o, 4p, 4q, 4t, and 4u.  Woods Decl., ¶ 5 (Doc. No. 223).  While exhibits 4h, 4l, 4o, 4p, 4t, and

24 4u do contain some confidential Sun information that warrants sealing, the vast majority of these

25 exhibits should not be sealed because they generally discuss discovery and the parties' meet and

26 confer process.  *See, e.g.,* Eichmann Decl., Ex. 4h at 4-5 (confidential portion represents less than

27 one page of the five page letter).  In addition, much of the material in this correspondence has been

28 raised in the pending motions and is unredacted.  Sun is instructed to identify those portions of

3

1  exhibits 4h, 4l, 4o, 4p, 4t, and 4u that contain Sun's confidential information and to file redacted

2  versions of these exhibits.

3      Sun does not seek to seal the remaining twelve (12) exhibits, including exhibits 4a through

4  4g, 4i, 4j, 4k, 4r, and 4s.  In addition, various portions of the meet and confer correspondence were

5  described, quoted, and unredacted in Abstrax's declaration supporting its sanctions motion, which

6  further supports unsealing the exhibits themselves.  *See* Eichmann Decl., ¶¶ 71-78, 80-82, 90.  The

7  Court agrees that these remaining twelve (12) exhibits do not warrant sealing.

8      2.    Sealing Warranted

9      The Court finds that those portions of Abstrax's filings that include Sun's confidential

10  information regarding revenue, products, internal manufacturing procedures, source code

11  development, and related deposition testimony[1] meet the compelling reasons standard and outweigh

12  disclosure.[2]  These portions of Abstrax's filings have not been filed into the public record and they

13  represent confidential information that would be harmful to Sun if disclosed.  Therefore, the Court

14  grants in part Abstrax's motions to seal.

15  **C.    Conclusion**

16      In conclusion, after carefully reviewing the papers submitted, the Court **grants in part and**

17  **denies in part** Abstrax's motions to seal.  The following portions will be unsealed:

18      1)  Abstrax's motion for sanctions:  5:3-12, 5:16-6:10, 6:13-14, 7:6-8, 7:11-12, 9:7-9, 9:12-

19  13, 10:23-11:2, 11:27-28, 13:27-14:2, 14:4-5, 14;11-14, 16:2-6, 16:13, 17:2-8, and 22:17-18.

20      2)  Eichmann Declaration:  ¶ 35 at 16:14-15, ¶ 113; Exs. 4a through 4g, 4i, 4j, 4k, 4r, and 4s;

21  and portions of Exs. 4h, 4l, 4o, 4p, 4t, and 4u, as identified by Sun.

22      3)  Abstrax's opposition to Sun's protective order motion:  8:4-12 and 8:20-9:4.

23

24

25

26      [1]  The Court notes that Abstrax has properly attached excerpted portions of the related deposition
testimony, not the entire deposition transcripts.  *See* Eichmann Decl., Exs. 7, 9, 15.

27      [2]  The Court notes that Defendant Sun's declaration in support of Abstrax's motion to seal its
28  motion for sanctions and supporting declaration is inconsistent.  For example, Sun seeks to seal ¶ 19 of
the Eichmann declaration, but does not seek to seal the portion of Abstrax's motion at page 3:23-4:5 that
addresses this same testimony by Mr. Gupta.  Doc. No. 223.

**United States District Court**
For the Northern District of California

1    Other than the portions identified above to be unredacted and filed into the public record, the

2    remainder of Abstrax's request to seal other portions of its filings is granted and will be sealed.

3    Within fourteen (14) days of the filing of this order:  a) Plaintiff is directed to file revised, redacted

4    versions of its motion for sanctions, supporting Eichmann declaration and exhibits,[3] and its

5    opposition to Sun's motion for a protective order into the public record and unredacting the portions

6    identified above; and b) Sun is directed to file redacted versions of exhibits 4h, 4l, 4o, 4p, 4t, and 4u

7    to the Eichmann Declaration.[4]

8

9

10   Dated:  June 27, 2011

     _____
     NANDOR J. VADAS
     United States Magistrate Judge

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27   [3]  Plaintiff is instructed to only re-file those exhibits which are now unsealed:  Exhibits 4a through 4g, 4i, 4j, 4k, 4r, and 4s.  Plaintiff need not re-file its entire set of exhibits in support of its motion for sanctions.

28   [4]  Sun is also instructed to lodge with the Court two (2) copies of the unredacted versions of these exhibits that highlight the portions it seeks to seal and redact.