**NOT FOR CITATION**

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

EUREKA DIVISION

| | |
|---|---|
| ABSTRAX, INC.,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>SUN MICROSYSTEMS, INC.,<br><br>　　　　Defendant. | No. CV 09-5243 PJH (NJV)<br><br>**ORDER REGARDING ADDITIONAL DISCOVERY**<br><br>(Docket Nos. 216, 218) |

The following motions are pending: Defendant Sun Microsystems, Inc.'s motion for a protective order; and Plaintiff Abstrax, Inc.'s motion for case-dispositive sanctions and, alternatively, for further discovery and evidentiary sanctions.[1]  Doc. Nos. 216, 218.  The district court has referred the parties' discovery motions and all future discovery matters to this Court for determination.  Doc. No. 215.  The Court will hear argument on the motions on June 30, 2011.

## I. BACKGROUND

On August 6, 2007, Plaintiff Abstrax, Inc. filed suit in the Eastern District of Texas against Defendant Sun Microsystems, Inc. for infringing U.S. Patent No. 6,240,328, ("the '328 patent"), entitled "Manufacturing Method for Assembling Products By Generating and Scheduling Dynamically Assembly Instructions."[2]  Abstrax alleges that Sun infringes the '328 patent in the course of manufacturing computer systems.  Magistrate Judge Charles Everingham of the Eastern

---

[1] In a separate order, the Court granted in part and denied in part Abstrax's motions to seal portions of its sanctions motion and portions of its opposition to Defendant's motion for a protective order.  Doc. No. 235.

[2] Two months earlier, on June 1, 2007, Abstrax had filed a similar suit in the Eastern District of Texas against Dell, Inc. and Gateway, Inc. for infringement of the '328 patent.

1 District of Texas held a markman hearing on August 14, 2008 and issued a claim construction order

2 construing the disputed terms on October 31, 2008. Doc. No. 91. As described in the claim

3 construction order:

> According to the Abstract, the patent relates to a manufacturing method for assembling a number of products by generating and scheduling dynamically a number of assembly instructions from modeling information. According to the Summary of the Invention, "[t]he present invention allows exact assembly instructions to be generated for the full theoretical scope of the product line." '328 Patent, 1:41-43. In general terms, the patent describes the creation of abstract assembly steps that relate to a given product line. The abstract assembly steps have variable portions that include variable parameters to accommodate multiple product configurations. A configuration model represents a product to be assembled. Once a configuration is selected, the computer program applies the configuration to the abstract assembly steps to create the actual assembly instructions for the configuration. The instructions can be dynamically scheduled across an assembly line.

In other words, the '328 patent describes software that generates customized, dynamic (i.e., in Abstrax's words, "on the fly") assembly instructions for use in the manufacturing process of a product with multiple configurations.

Discovery revealed a Sun software program called Customer Build Information Tool ("CuBIT"), which Plaintiff believed infringed the '328 patent. Further discovery revealed a Sun software program called Configuration Data Tool ("CDT"), which Plaintiff believed also infringed the '328 Patent and was the predecessor program to CuBIT. Plaintiff propounded discovery requests related to CDT in September 2008. On September 26, 2008, Sun moved for a protective order to preclude discovery into its CDT software program. Doc. No. 77. Fact discovery closed on October 15, 2008. Doc. No. 44.

On October 17, 2008, shortly after briefing was completed on Sun's motion for a protective order, Sun renewed its motion to change venue to the Northern District of California, which Judge Everingham granted on August 28, 2009. Doc. Nos. 89 & 159. On October 22, 2009, the district court of the Eastern District of Texas denied Abstrax's motion to reconsider and reverse the order to change venue and this action was transferred to the Northern District of California. Doc. No. 165. This action was transferred while Sun's motion for a protective order was pending in the Eastern District of Texas.

1    Pursuant to a joint stipulation regarding scheduling, on May 10, 2010, Sun re-filed its motion
2 for a protective order to preclude discovery into CDT and Abstrax moved to compel CDT related
3 discovery. Doc. Nos. 196, 197. On August 3, 2010, Judge Hamilton granted Plaintiff's motion to
4 compel CDT related discovery and denied Defendant's motion for a protective order to preclude
5 discovery into CDT. Doc. No. 207. The court found that the CDT information was relevant,
6 Plaintiff timely propounded its discovery requests in September 2008 before the discovery cut-off
7 date had passed, and that the parties did not contribute to the delay in adjudicating their discovery
8 dispute. *Id*. The court indicated that it shared Defendant's concerns regarding the breadth and scope
9 of the CDT discovery requests and left open Defendant's ability to file another motion for a
10 protective order to limit the scope of CDT discovery. *Id*. The court instructed the parties to contact
11 the court to request a further case management conference to set the schedule for dispositive motions
12 after the parties resolved all CDT discovery related disputes. *Id*.

## II.  PENDING MOTIONS

14    Pursuant to a joint stipulation regarding scheduling, on May 6, 2011, Sun moved for a
15 protective order to preclude additional CDT discovery and CuBIT discovery. Doc. No. 216.
16 Simultaneously, Abstrax moved for case dispositive sanctions, and alternatively, for evidentiary
17 sanctions and to compel additional CDT and non-CDT discovery. Doc. No. 218. The district court
18 referred the parties' discovery motions and all future discovery matters to this Court for
19 determination. Doc. No. 215. To the extent that Plaintiff's motion raises case-dispositive sanctions,
20 the district court has referred the matter to this Court for a report and recommendation. *Id*. The
21 Court ordered the parties to meet and confer in person or by telephone regarding the underlying
22 motions. Doc. No. 231. On June 14, 2011, the parties participated in a meet and confer by
23 telephone and informed the Court that they were unable to resolve the matter. Doc. No. 233.

   During the parties' June 14th meet and confer, Sun agreed to provide additional discovery
regarding some of the items raised in its motion for a protective order and Abstrax's alternative
request for additional discovery. Specifically, Sun offered the following additional discovery:

27   1)   **Hillsboro Inspection**: allow Abstrax to again inspect Sun's Hillsboro,
          Oregon facility to determine whether Sun has discontinued the use of CuBIT,
28        CDT, or another similar system.

3

2) **CDT Source Code**: determine if a source code control system called Clearcase exists; search Clearcase for any versions of the CDT source code; and "inform Abstrax as to the results of the investigation, and [] provide any additional versions of CDT source code that Sun finds in accordance with the procedures established by the parties for the review of source code."

3) **CDT Build Diagrams**: determine what CDT xml and html build diagrams exist and produce any such build diagrams to Abstrax.

4) **Emails By Employees and Related to Abstrax**: "search the email of current employees identified in the list of names that Abstrax provided in its proposed order for alternative relief, dated May 6, 2011, and [] produce all emails relating to Abstrax and CDT and any emails that include the email aliases relating to CDT identified in Abstrax's proposed order for alternative relief. Finally, Sun will search this email for any documents related to CDT metrics as described by Abstrax during the meet and confer."

*See* Doc. No. 233.

Sun declined, however, to 1) search for emails of its former employees; 2) provide additional discovery regarding CuBIT; and 3) use a third party vendor in Sun's document collection and production efforts. Sun also reiterated that it could not search for email aliases or distribution lists. Abstrax declined Sun's proposal to provide additional discovery because it did not include participation by a third party vendor in Sun's further document collection and production.

### III.  CONCLUSION

Having carefully considered the arguments of the parties and the papers submitted, the Court orders Sun to provide the additional discovery it offered as outlined above within thirty (30) days of the filing of this order. Sun may conduct its document collection and production without a third party vendor. This resolves several of the issues raised in Sun's motion for a protective order and Abstrax's alternative request for additional discovery. The Court recognizes and appreciates the parties' continued efforts to reach resolution on some of the pending discovery issues. The Court reserves its ruling on the remaining issues raised in Sun's motion for a protective order, including whether Sun should produce emails of its former employees, provide additional discovery regarding CuBIT, or produce additional documents related to Abstrax, pending the upcoming hearing.

**IT IS SO ORDERED.**

Dated:  June 27 2011

NANDOR J. VADAS
United States Magistrate Judge

4