IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

EUREKA DIVISION

| | |
|---|---|
| ABSTRAX, INC., | No. CV 09-5243 PJH (NJV) |
| Plaintiff, | **REPORT AND RECOMMENDATION TO DENY PLAINTIFF'S MOTION FOR CASE-DISPOSITIVE SANCTIONS** |
| v. | |
| SUN MICROSYSTEMS, INC., | (Docket No. 218) |
| Defendant. | |

Plaintiff Abstrax, Inc. moves for case-dispositive sanctions and, alternatively, for further discovery and evidentiary sanctions.[1] Doc. No. 218. The district court has referred the parties' discovery motions and all future discovery matters to this Court for determination. Doc. No. 215. To the extent that Abstrax's motion raises case-dispositive sanctions, the district court has referred the matter to this Court for a report and recommendation. *Id*. The Court heard argument on the motions on June 30, 2011. In separate orders, the Court: 1) ordered Sun to produce additional discovery regarding several items raised in its motion for a protective order and Abstrax's alternative request for additional discovery to which Sun agreed during the parties' June 14, 2011 meet and confer; and 2) granted in part and denied in part Defendant Sun Microsystems, Inc.'s motion for a protective order and granted in part and denied in part Abstrax's alternative request to compel discovery. Doc. Nos. 236, 239.

---

[1] In a separate order, the Court granted in part and denied in part Abstrax's motions to seal portions of its sanctions motion and portions of its opposition to Sun's motion for a protective order. Doc. No. 235.

Having carefully considered the arguments of the parties and the papers submitted, and given that several of the discovery issues in dispute have been resolved pursuant to this Court's June 27 and July 5, 2011 orders, the Court recommends **denying** Abstrax's motion for case-dispositive sanctions and evidentiary sanctions, and as a less drastic sanction, **staying** further proceedings until the discovery issues are resolved.

## I. BACKGROUND

On August 6, 2007, Plaintiff Abstrax, Inc. filed suit in the Eastern District of Texas against Defendant Sun Microsystems, Inc. for infringing U.S. Patent No. 6,240,328, ("the '328 patent"), entitled "Manufacturing Method for Assembling Products By Generating and Scheduling Dynamically Assembly Instructions."[2] Abstrax alleges that Sun infringes the '328 patent in the course of manufacturing computer systems. Magistrate Judge Charles Everingham of the Eastern District of Texas held a markman hearing on August 14, 2008 and issued a claim construction order construing the disputed terms on October 31, 2008. Doc. No. 91. As described in the claim construction order:

> According to the Abstract, the patent relates to a manufacturing method for assembling a number of products by generating and scheduling dynamically a number of assembly instructions from modeling information. According to the Summary of the Invention, "[t]he present invention allows exact assembly instructions to be generated for the full theoretical scope of the product line." '328 Patent, 1:41-43. In general terms, the patent describes the creation of abstract assembly steps that relate to a given product line. The abstract assembly steps have variable portions that include variable parameters to accommodate multiple product configurations. A configuration model represents a product to be assembled. Once a configuration is selected, the computer program applies the configuration to the abstract assembly steps to create the actual assembly instructions for the configuration. The instructions can be dynamically scheduled across an assembly line.

In other words, the '328 patent describes software that generates customized, dynamic (i.e., in Abstrax's words, "on the fly") assembly instructions for use in the manufacturing process of a product with multiple configurations.

---

[2] Two months earlier, on June 1, 2007, Abstrax had filed a similar suit in the Eastern District of Texas against Dell, Inc. and Gateway, Inc. for infringement of the '328 patent.

2

**United States District Court**
For the Northern District of California

Discovery revealed a Sun software program called Customer Build Information Tool ("CuBIT"), which Abstrax believed infringed the '328 patent. Further discovery revealed a Sun software program called Configuration Data Tool ("CDT"), which Abstrax believed also infringed the '328 Patent and was the predecessor program to CuBIT. Abstrax propounded discovery requests related to CDT in September 2008. On September 26, 2008, Sun moved for a protective order to preclude discovery into its CDT software program. Doc. No. 77. Fact discovery closed on October 15, 2008. Doc. No. 44.

On October 17, 2008, shortly after briefing was completed on Sun's motion for a protective order, Sun renewed its motion to change venue to the Northern District of California, which Judge Everingham granted on August 28, 2009. Doc. Nos. 89, 159. On October 22, 2009, the district court of the Eastern District of Texas denied Abstrax's motion to reconsider and reverse the order to change venue and this action was transferred to the Northern District of California. Doc. No. 165. This action was transferred while Sun's motion for a protective order was pending in the Eastern District of Texas.

Pursuant to a joint stipulation regarding scheduling, on May 10, 2010, Sun re-filed its motion for a protective order to preclude discovery into CDT and Abstrax moved to compel CDT related discovery. Doc. Nos. 196, 197. On August 3, 2010, Judge Hamilton granted Abstrax's motion to compel CDT related discovery and denied Sun's motion for a protective order to preclude discovery into CDT. Doc. No. 207. The court found that the CDT information was relevant, Abstrax timely propounded its discovery requests in September 2008 before the discovery cut-off date had passed, and that the parties did not contribute to the delay in adjudicating their discovery dispute. *Id*. The court indicated that it shared Sun's concerns regarding the breadth and scope of the CDT discovery requests and left open Sun's ability to file another motion for a protective order to limit the scope of CDT discovery. *Id*. The court instructed the parties to contact the court to request a further case management conference to set the schedule for dispositive motions after the parties resolved all CDT discovery related disputes. *Id*.

Pursuant to a joint stipulation regarding scheduling, on May 6, 2011, Sun moved for a protective order to preclude additional CDT discovery and CuBIT discovery. Doc. No. 216.

3

Simultaneously, Abstrax moved for case dispositive sanctions, and alternatively, for evidentiary sanctions and to compel additional CDT and non-CDT discovery. Doc. No. 218. The district court referred the parties' discovery motions and all future discovery matters to this Court for determination. Doc. No. 215. To the extent that Abstrax's motion raises case-dispositive sanctions, the district court has referred the matter to this Court for a report and recommendation. *Id*. The Court ordered the parties to meet and confer in person regarding the underlying motions and the parties have informed the Court that the parties were unable to resolve the disputes. Doc. No. 233. In the parties' joint letter to the Court, Sun agreed to conduct additional discovery regarding some of the items raised in its motion for a protective order and Abstrax's alternative request for additional discovery, including inspecting Sun's Hillsboro, Oregon facility, searching for CDT source code in Clearcase, CDT build diagrams, and emails of certain current employees identified by Abstrax. On June 27, 2011, the Court ordered Sun to conduct this additional discovery, which resolved several issues raised in Sun's motion for a protective order and Abstrax's alternative request to compel discovery. Doc. No. 236. The Court heard argument on the motions on June 30, 2011. On July 5, 2011, the Court granted in part and denied in part Sun's motion for a protective order and granted in part and denied in part Abstrax's alternative request to compel discovery, which resolved the remaining issues raised in Sun's motion and Abstrax's alternative request. Doc. No. 239.

## II. DISCUSSION

### A. Summary of the Parties' Arguments

Abstrax moves for case-dispositive sanctions and requests the court to strike Sun's answer and counterclaims and enter default judgment against Sun. In summary, Abstrax contends that Sun has displayed a pattern of withholding relevant discovery until Abstrax or the court forces Sun to respond or produce the relevant discovery. For example, Abstrax argues that initially, Sun did not fully disclose relevant financial information until Abstrax caught inconsistencies and errors in Sun's financial information. Also, although Abstrax's early discovery requests encompassed CDT, Sun did not fully disclose CDT-related discovery until Abstrax requested CDT-related discovery specifically by name and filed a motion to compel the CDT-related discovery. Abstrax also argues

4

that Sun's counsel misled the Eastern District of Texas court regarding the location of the CDT source code, the facilities in which CDT was used, and the time frame during which CDT was used at these facilities. Therefore, Abstrax contends that case dispositive sanctions are warranted because Sun has violated Judge Hamilton's discovery order regarding CDT, withheld non-CDT discovery including CuBIT-related discovery, and misled both courts regarding discovery.

Sun counters that it has complied with Judge Hamilton's order regarding CDT discovery and that it has fully responded to Abstrax's CDT and non-CDT discovery requests. Case dispositive sanctions, Sun contends, are not warranted because it has fulfilled its discovery obligations and because Abstrax has not demonstrated any prejudice from Sun's alleged discovery deficiencies. Sun argues that Abstrax has "manufactured" the discovery issues to burden and harass Sun and to avoid litigating this action. In addition, viewing Sun's business as a whole, Sun contends that CDT was a not a significant program because it was only used internally by Sun, not licensed or sold to customers, and CDT was only used for six Sun products.

## B. Legal Standard

"There are two sources of authority under which a district court can sanction a party who has despoiled evidence: the inherent power of federal courts to levy sanctions in response to abusive litigation practices, and the availability of sanctions under Rule 37 against a party" for violating a discovery order. *Leon v. IDX Systems Corp.*, 464 F.3d 951, 958 (9th Cir. 2006); *see* Fed. R. Civ. P. 37(b)(2)(A). Under Rule 37, the court may sanction a party for disobeying its discovery order by:

(i)  directing that the matters embraced in the order or other designated facts be taken as established for purposes of the action, as the prevailing party claims;

(ii)  prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence;

(iii)  striking pleadings in whole or in part;

(iv)  staying further proceedings until the order is obeyed;

(v)  dismissing the action or proceeding in whole or in part;

(vi)  rendering a default judgment against the disobedient party; or

(vii)  treating as contempt of court the failure to obey any order except an order to submit to a physical or mental examination.

Fed. R. Civ. P. 37(b)(2)(A).

5

To issue a dismissal sanction under either the court's inherent power or Rule 37, the district court examines the following five factors: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its dockets; (3) the risk of prejudice to the party seeking sanctions; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions." *Leon*, 464 F.3d at 958 (quoting *Anheuser-Busch, Inc. v. Natural Beverage Distribs.*, 69 F.3d 337, 348 (9th Cir. 1995)). To properly dismiss an action as a sanction, the district court must find "willfulness, fault, or bad faith" by the party being sanctioned and "must consider 'less severe alternatives' than outright dismissal." *Id.*; *Anheuser-Busch*, 69 F.3d at 348.

**C.   Analysis**

The Court now examines the five factors identified by the Ninth Circuit and whether Sun was willful, at fault, or acted in bad faith. The Court recommends denying dismissal sanctions because public policy favors disposition on the merits and the case is still in the early stages of litigation, several sanctions less drastic than dismissal are available, and the lack of the requisite willfulness, fault, or bad faith by Sun weigh against dismissal. In addition, this Court has already ordered Sun to produce additional discovery, addressing many of the issues raised in Abstrax's alternative request to compel discovery. Doc. Nos. 236, 239.

1.   Public Interest in Expeditious Resolution

The public, and the parties, have an interest in the expeditious resolution of this litigation, which was initially filed in 2009 and is still in discovery. This factor weighs in favor of granting a dismissal sanction.

2.   Court's Docket Management

The district court, like many across the country, has a heavy docket and a strong need to manage its dockets efficiently. This factor weighs in favor of granting a dismissal sanction.

3.   Risk of Prejudice

Abstrax suffers prejudice if Sun's actions impair Abstrax's "'ability to go to trial or threaten to interfere with the rightful decision of the case.' Failing to produce documents as ordered is considered sufficient prejudice. ... The law also presumes prejudice from unreasonable delay." *In re Phenylpropanolamine (PPA) Products Liability Litig.*, 460 F.3d 1217, 1227 (9th Cir. 2006) (internal

6

1  citations omitted). Here, while the Court agrees that Abstrax's "ability to go to trial" has not been
2  prejudiced at this stage of the litigation, sufficient prejudice is established by Sun's failure to
3  produce relevant CDT documents as previously ordered. The Court notes that Judge Hamilton
4  previously found that the parties did not contribute to the delay in adjudicating their discovery
5  dispute. Doc. No. 207. This factor weighs in favor of granting a dismissal sanction.

####    4.    Public Policy Favoring Disposition on the Merits

The general public policy favoring disposition of cases on their merits weighs against granting a dismissal sanction. Here, the case is still in discovery and dispositive motions have not yet been re-filed before Judge Hamilton.

####    5.    Availability of Less Drastic Sanctions

Here, several sanctions less drastic than dismissal are available including directing that certain facts are established as Abstrax claims, excluding evidence, giving a jury instruction creating a presumption in favor of Abstrax, staying further proceedings until the discovery order is obeyed, and awarding attorneys' fees. *See* Fed. R. Civ. P. 37(b)(2)(A). This factor weighs against granting a dismissal sanction.

The Court recommends denying Abstrax's motion for case dispositive sanctions and staying further proceedings until the discovery issues are resolved. Though the Court recommends less drastic sanctions than dismissal, the Court warns Sun of the possibility of dismissal should Sun fail to follow discovery orders or make misrepresentations regarding discovery.

####    6.    Willfulness, Fault, or Bad Faith

Abstrax contends that the requisite willfulness, fault, and bad faith by Sun has been established based on Sun's pattern of withholding relevant discovery until Abstrax or the court forces Sun to respond or produce the relevant discovery; Sun's failure to fully disclose relevant financial information; and Sun's statements to the Eastern District of Texas court. The Court notes that while Sun did not initially disclose the financial information sought, Sun did supplement its production of financial information.

The parties do not dispute that some statements by Sun's counsel to the Eastern District of Texas regarding the CDT source code were inaccurate regarding the location of the CDT source

7

code, the facilities in which CDT was used, and the time frame during which CDT was used at these facilities. Though Abstrax argues that Sun's counsel misled the court, Sun's counsel explains that his statements were based on his understanding of the CDT source code at the time of the hearing in Texas. While the Court recognizes Abstrax's concern regarding the inaccuracy of defense counsel's statements in Texas, a party's understanding of its case and its own documents is fluid, changing with time and additional investigation.

Based on the papers submitted and oral argument, Sun's conduct and representations, while concerning at times, does not rise to the level of willfulness, fault, or bad faith required to justify "the 'harsh sanction' of dismissal." *See Leon*, 464 F.3d at 958-59 (bad faith established where party intentionally destroyed evidence after knowing he had a duty to preserve evidence) (quoting *Anheuser-Busch*, 69 F.3d at 348).

**D.      Attorneys' Fees**

Both parties request attorneys' fees and costs in bringing their respective motions and responding to the other party's motion. Abstrax contends that it is entitled to attorneys' fees and costs because Sun failed to comply with Judge Hamilton's discovery order. Sun argues that it is entitled to attorneys' fees and costs because Abstrax's motion for sanctions is meritless. The Court recommends denying both parties' requests for attorneys' fees and costs because despite the parties' vigorous argument to the contrary, Abstrax's motion for sanctions and Sun's opposition were not meritless. In addition, attorneys' fees can only be awarded as a sanction in this context if the court expressly finds bad faith by the party who is sanctioned. *See Leon*, 464 F.3d at 961. The Court does not recommend making such a finding here.

### III.  RECOMMENDATION

For the reasons set forth above, the Court recommends denying dismissal sanctions and as a less drastic sanction, staying further proceedings until the discovery issues are resolved. Though the first three factors weigh in favor of granting a dismissal sanction, the remaining factors and the lack of the requisite willfulness, fault, or bad faith by Sun weigh against dismissal.

### IV. CONCLUSION

Any party may file objections to this report and recommendation with the district judge within fourteen days after being served with a copy. *See* 28 U.S.C. § 636(b)(1)(B), (C); Fed. R. Civ. Proc. 72(b); Civil L.R. 72-3. Failure to file objections within the specified time may waive the right to appeal the District Court's order.

Dated: July 20, 2011

NANDOR J. VADAS
United States Magistrate Judge